IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JASON GRANT DYE,

    **Plaintiff,**

v.

MCINTOSH COUNTY, et al.,

    **Defendants.**

Case No. 24-CV-005-JFH-JAR

### OPINION AND ORDER

Plaintiff Jason Grant Dye ("Plaintiff"), appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Dkt. No. 1. Defendants McIntosh County, Kevin Ledbetter, Monica Smith, and Mary Martin ("Defendants") jointly moved to dismiss Plaintiff's Complaint. Dkt. No. 23. Plaintiff filed two responses in opposition to the motion [Dkt. Nos. 54, 55], and Defendants replied [Dkt. No. 57]. Additionally, Plaintiff filed an unauthorized surreply [Dkt. No. 61] and "supplemental information brief" [Dkt. No. 62]. For the reasons discussed here, the Court grants Defendants' motion and dismisses the action without prejudice.

**I.  Plaintiff's Supplemental Documents**

As an initial matter, Defendants moved the Court to strike Plaintiff's second response brief [Dkt. No. 55], unauthorized surreply [Dkt. No. 61], and "supplemental information brief" [Dkt. No. 62]. The Court addresses each in turn.

    a.  <u>Plaintiff's Second Response Brief</u>

In Defendants' Motion to Strike Plaintiff's Supplemental Response Brief [Dkt. No. 58], Defendants note that Plaintiff submitted an initial response to their motion on March 27, 2024, and an additional response one day thereafter. Defendants argue that, because Plaintiff neglected to

seek leave of court prior to filing his supplemental response, the Court should strike the document for violating Local Civil Rule 7.1(e). Dkt. No. 58 at 1-2. Rule 7.1(e) provides that "[s]upplemental briefs are not encouraged and may be filed only upon motion and leave of Court." LCvR 7.1(e).

Pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The Tenth Circuit, however, recognizes that "our legal system strongly prefers to decide cases on their merits." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011). Further, the Court has discretion to waive a local rule requirement "when the administration of justice requires." LCvR 1.2(c). Here, Plaintiff submitted his second response brief only one day after his first, and the second submission appears significantly more responsive to Defendants' motion than the first. Under these circumstances, the Court denies Defendants' Motion to Strike Plaintiff's Supplemental Response Brief [Dkt. No. 58]. The Court will consider Plaintiff's arguments therein in its adjudication of Defendants' motion to dismiss.

  b. <u>Plaintiff's Unauthorized Surreply</u>

On April 18, 2024, Plaintiff filed a "respon[s]e to defendants['] reply concerning dismissal filed on 04/10/24." Dkt. No. 59. Defendants then submitted a Motion to Strike Plaintiff's Sur-Reply [Dkt. No. 61], in which they note that Plaintiff failed to obtain leave of court prior to filing the surreply, in contravention of Local Civil Rule 7.1(e). Dkt. No. 61 at 1-2. Surreplies are "not encouraged and may be filed only upon leave of Court." LCvR 7.1(e). Generally, surreplies are intended to provide a litigant "an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Plaintiff did not seek leave of court prior to filing his surreply. Further, having reviewed the surreply, the Court

notes that the arguments contained therein either respond to arguments raised for the first time in Defendants' motion to dismiss, rather than their reply, or rehash arguments Plaintiff already presented in his response briefs. The Court discerns no reason why exclusion of the surreply under these circumstances would hinder the administration of justice. Accordingly, the Court grants Defendants' Motion to Strike Plaintiff's Sur-Reply [Dkt. No. 61] and orders that the surreply be stricken from the record.

      c.   Plaintiff's "Supplemental Information Brief"

On August 12, 2024, Plaintiff filed a document styled "Sup[p]l[e]mental Information Brief for Plaintiff's Claim of Cruel and Unusual Punishment." Dkt. No. 62. In this document, Plaintiff appears to provide additional allegations of events that occurred on or around the date of the alleged incident underlying Plaintiff's second claim for relief, as well as events occurring after the filing of the Complaint. Defendants have filed a Motion to Strike Plaintiff's Supplemental Information Brief [Dkt. No. 63], in which they construe the document as "both an amendment and supplement to [Plaintiff's] original Complaint" and argue that the filing must be stricken due to Plaintiff's failure to comply with Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure. Dkt. No. 63, at 1-2. Rule 15(a)(2) prescribes that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(d) provides, in pertinent part, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Plaintiff did not seek the Court's leave or Defendants' written consent prior to filing his Supplemental Information Brief. In his response to Defendants' motion to strike, Plaintiff asserts that he has insufficient legal resources to comply with procedural rules. Dkt. No. 64 at 1-2. Yet,

Plaintiff was made aware of the proper procedures through Defendants' motion to strike and nonetheless failed to subsequently seek leave to amend or supplement his Complaint in a proper Rule 15 motion. For these reasons, the Court grants Defendants' Motion to Strike Plaintiff's Supplemental Information Brief [Dkt. No. 63]. The brief shall be stricken from the record.

Having determined which documents are proper for consideration in the adjudication of Defendants' motion to dismiss, the Court turns to the merits of that motion.

## II.     Legal Standard

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The litigant must plead factual content that "allows the court to draw the reasonable inference" of the defendant's liability. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

In assessing a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the Court construes a pro se litigant's pleadings liberally, this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* The Court "will

not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

### III. Discussion

Plaintiff raises three claims for relief premised on events he alleged occurred during his arrest and subsequent pre-trial detention in the McIntosh County Jail in Eufaula, Oklahoma. Dkt. No. 1 at 5-6. Plaintiff names as defendants McIntosh County, Sheriff Kevin Ledbetter, Jail Administrator Monica Smith, and Jail Assistant Administrator Mary Martin. *Id.* at 1, 2, 4. Plaintiff alleges excessive force, inadequate medical care, and denial of legal resources and library access. *Id.* at 5-6. He seeks compensatory and punitive damages. *Id.* at 7.

  a. Claim 1: Excessive Force

In his first claim for relief, Plaintiff alleges that on October 2, 2023, McIntosh County Sherriff's deputies "did without warr[a]nt force [their] way into residence where [he] had reason to be" and tasered Plaintiff a half-dozen times. *Id.* at 5. Plaintiff claims the taser rendered him unconscious, caused "deep lacerations over [his] eye" and caused him to lose the "entire bottom row of [his] teeth." *Id.* Defendants assert that the claim must be dismissed, as Plaintiff failed to allege the personal participation of any defendant. Dkt. No. 23, at 7-8. The Court agrees.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In the context of § 1983 cases, it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations

against the state." *Id.* at 1249-50 (emphasis in original).

Plaintiff broadly ascribes the alleged conduct to "McIntosh Co[unty] Sherriff[']s deputies," rather than a named defendant. Thus, Plaintiff has failed to plausibly allege the personal participation of any individual defendant. Further, liability for the conduct of a Sherriff's deputy cannot be imputed to Defendant McIntosh County absent a showing that a municipal policy or custom "caused the underlying constitutional violation." *Arnold v. City of Olathe*, 35 F.4th 778, 795 (10th Cir. 2022). Plaintiff provides no allegations relating to a municipal policy or custom. Accordingly, Plaintiff similarly fails to state a claim for relief against Defendant McIntosh County based on excessive force.

In his response to Defendants' motion, Plaintiff argues that Defendant Ledbetter is liable for the deputies' alleged use of excessive force as a supervisor and policymaker. Dkt. No. 55, at 1 (asserting that Ledbetter "is liable for his employees as final policy maker and responsible for the training or lack thereof of the deputy sheriffs responsible for [his] injur[ie]s and the violation of his constitutional rights"). Yet, Plaintiff did not include any allegations in his Complaint regarding Ledbetter's actions or inactions as supervisor. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established . . . that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."). And supervisory status, alone, does not create § 1983 liability. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (explaining that a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation" to establish supervisory liability (internal quotation marks omitted)).

Accordingly, Plaintiff has failed to state a plausible claim for relief against Defendants based on excessive force.

    b. <u>Claim 2: Inadequate Medical Care</u>

As his second claim for relief, Plaintiff contends that he received inadequate medical care as to the injuries sustained during his arrest. He specifically alleges,

> Contacted McIntosh Co. Sherriff's department employee[] (ADDMIN) Monica Smith Jail Ad. and medical pertaining [to] severe pain and loose teeth due to excessive force inflicted by deputies upon arrest. On the 2nd day of October, medical did remove stitches from laceration on eye but denied dental treatment causing myself to have to remove several teeth myself while incarcerated at McIntosh Co[unty] Jail.

Dkt. No. 1 at 5. Pretrial detainees are protected under the Fourteenth Amendment against deliberate indifference to their serious medical needs. *See Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). To state a cognizable claim, a plaintiff must allege both an objective component and a subjective component. *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018). To satisfy the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the subjective component, a plaintiff to establish that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in original) (quoting *Farmer*, 511 U.S. at 837).

The Court assumes that Plaintiff's allegations are sufficient to meet the objective prong. Plaintiff, however, has failed to plausibly allege the subjective component of the claim. Defendant Smith, the jail administrator, is the only named defendant specifically referenced. Plaintiff alleges he "contacted" Defendant Smith regarding his "severe pain and loose teeth," but Plaintiff provides

no facts indicating if or how Defendant Smith responded. Dkt. No. 1, at 5. He does not claim that he advised Smith that medical personnel at his facility were denying treatment or otherwise allege facts indicating that Smith was aware of a need to intervene. Further, to the extent Plaintiff may be seeking to implicate Smith based on the theory of supervisory liability, he must show "more than [the] supervisor's mere knowledge of the subordinate's conduct." *Estate of Booker*, 745 F.3d at 435 (internal quotation marks omitted).

Accordingly, Plaintiff has failed to plausibly allege a claim of deliberate indifference to a serious medical need against any defendant.

c. Claim 3: Denial of Legal Resources and Library Access

Plaintiff raises his third claim for relief against Defendants Smith and Martin. He alleges,

> While here at McIntosh Co[unty] Detention Center, Monica Smith as well as Mary Martin ha[ve] stated by electronic messaging system that it is not the policy or procedure here at McIntosh Co[unty] Jail to provide inmates law materials, law books, or law library access. Thus[] dis[]rupting my appeal process and any defense I might have been [e]ntitled to[] as a pro per defendant.

Dkt. No. 1 at 6. Lack of access to a prison's law library may implicate a prisoner's constitutional right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). Prisoners, however, do not have "an abstract, freestanding right to a law library or legal assistance." *Id.* at 351. Rather, the prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (explaining that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"). Further, a prisoner must show that his or her legal claim was not frivolous, because "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all." *Id.* at 353 n.3.

While Plaintiff broadly alleges that he suffered injury, his allegations of injury are conclusory and therefore not entitled to the assumption of truth afforded well-pleaded factual allegations. *See Iqbal*, 556 U.S. at 679. Plaintiff does not support his claim with factual content regarding how the alleged deprivation disrupted his appeal or impeded him from litigating a nonfrivolous claim. He fails to describe what claims were hindered, "fail[s] to explain why those claims were nonfrivolous, and fail[s] to explain how those nonfrivolous claims were prejudiced by his inability to access law library materials." *Counts v. Wyo. Dep't of Corr.*, 854 F. App'x 948, 953 (10th Cir. 2021)[1]; *see McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (holding that an actual injury was not sufficiently alleged because, among other reasons, the plaintiff "did not explain that his legal claim was nonfrivolous"); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (holding that an actual injury was not sufficiently alleged because the plaintiff "failed to allege that the library restrictions . . . hindered his effort to pursue a nonfrivolous legal claim").

For these reasons, the Court concludes that Plaintiff's third claim for relief likewise fails under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.   Conclusion

IT IS THEREFORE ORDERED that:

(1) Defendants' Motion to Strike Plaintiff's Supplemental Response Brief [Dkt. No. 58] is DENIED;

(2) Defendants' Motion to Strike Plaintiff's Sur-Reply [Dkt. No. 61] is GRANTED;

(3) Defendants' Motion to Strike Plaintiff's Supplemental Information Brief [Dkt. No. 63] is GRANTED;

---

[1] The Court cites unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

(4) Defendants' Motion to Dismiss [Dkt. No. 23] is GRANTED, and the Complaint is dismissed without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

(5) all remaining pending motions [Dkt. Nos. 56, 65, 67, 68] are DENIED as moot; and

(6) a separate judgment of dismissal shall be entered in this matter.

Dated this 7th day of March 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE